STEPHEN T. PROBETT v. CHRISTIE H. WALTERS AND THOMAS S. SKINNER.

*Equity—Bill to correct description in deed.*

In this case complainant is held to be entitled to have his deed corrected in accordance with the bargain made with his grantor, and to be put securely in the enjoyment of the land he purchased, and to be protected against disturbance. The case is one *purely* of fact.

Appeal from St. Clair. (Stevens, J.) Argued May 17, 1888. Decided May 23, 1888.

Bill to correct alleged error in deed, etc. Defendant Walters appeals. Decree affirmed. The facts are stated in the opinion.

*E. G. Stevenson*, for complainant.

*E. W. Harris (Frank Whipple,* of counsel), for appellant.

CAMPBELL, J. This is a bill to correct an alleged error in a deed, and to enjoin defendants from setting up claim to the land which Walters has asserted title to within complainant's lines.

In February, 1878, complainant bought from defendant Skinner, acting as agent for Wallace Ames and Rhoda E. Skinner, a piece of land 100 feet wide, running from River street to Black river, in the city of Port Huron. At that time, Skinner owned the property between the Black River Steam-mill Reserve and the east line of William Ford, in lot 3, in block 42, of Butler's plat adjoining, including lots 1, 2, and part of lot 3, in that block. When complainant bought his land, Skinner measured a line south-easterly from the corner of William Ford's inclosure 125 feet, and put a stake

on River street as a starting point, and it was understood that complainant bought 100 feet in width on River street eastward of that stake, running towards Black river at right angles with that street. It was supposed this stake was at or near the line of the Steam-mill Reserve, but the line at right angles with River street was made rectangular, to straighten the lines, on the supposition that the Reserve line might not be at right angles with the street. Mr. Skinner did not know just where the Reserve line was, and complainant's lines were to run from the point measured and staked.

When the deed was given to complainant in pursuance of this bargain, his land was described as beginning at a stake at the intersection of the Reserve with River street, and including 100 feet in width, bounded westerly by the Reserve line, and easterly by a line parallel with the west line; and, after giving the metes and bounds, it closes with the statement: "Being lots eleven and twelve in the contemplated plat of said Reserve." No such plat was referred to in the bargain for the purchase, and, being merely contemplated, it was not on record.

Subsequently, Skinner sold to Walters lots 1 and 2, and so much of lot 3 as was not owned by Ford. At this time, and ever since his purchase, complainant was in actual possession up to the line fixed by Skinner, 125 feet east from Ford's line, and had improved it at large expense, and his occupancy was open and marked, so as to be plainly defined. Walters knew it, and knew he was only buying what was supposed to be 125 feet wide. Subsequently, Walters set up a claim that lot 1, instead of stopping at complainant's line, ran into his land about 40 feet in width, his claim being that the westerly line of the Steam-mill Reserve was 40 feet east of where complainant and Skinner supposed it to be. Walters began an ejectment suit to obtain this parcel of 40 feet as part of lot 1, and complainant brought this bill to rectify the mistake if one existed.

The testimony makes it clear that complainant bought with reference to the location shown him on the ground by Skinner, and was put in possession and improved and occupied on that basis, and that his occupation was open and notorious, and actually known by Walters. It is just as clear that Skinner supposed, when he sold to Walters, and when he bargained with complainant, that the Reserve line was at or near the point marked out by his measurements, and he never meant to encroach on complainant. It was intended complainant should have what he bargained for, without reference to one plat or the other. If his deed was imperfect, he is entitled to have it corrected, in accordance with that bargain, so as to begin at a point 125 feet from Ford's line, and to include 100 feet in width within lines at right angles with River street. This the court below decreed him, and that decree must be affirmed. The printed record seems to contain some verbal errors. If those exist in the original decree, they can be amended, by a proper description, in the decree of this Court; and defendants, Walters and Skinner, must release accordingly, and a perpetual injunction be granted against any interference with complainant's right. If the descriptions are correct in the original decree, it can be affirmed as it stands. If not, it will be rectified by a change to make it rightly describe the premises.

As Walters sets up this adverse claim, this suit and quieting decree have become necessary to prevent litigation. But, so far as the testimony shows, we have no evidence before us which is legally sufficient to show that lot 1, claimed by Walters, extends over complainant's line at all. While the testimony shows a general disturbance among the land-owners, it does not show any lawful survey upon which this is based, and there is no proof which any court could act upon that would change the received lines, or fix any new line. Complainant is entitled to be put securely in enjoyment of the land he bought, and to be protected against disturbance.

But we do not think it can be held, on the proofs, that Walters has any more basis for a legal than for an equitable claim.  Costs will go against Walters, who is the only party appealing.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.